IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | No. 3:19-MJ-349-BK |
| v. | |
| | **FILED ECF** |
| AUSTEN FOMONYUY YUFENYUY (01) | |

## SECOND JOINT MOTION TO CONTINUE TIME TO INDICT

The Government and the Defendant, Austen Fomonyuy Yufenyuy, jointly move the Court to continue for a period of 90 days the date by which an indictment must be filed in this case. In support of this Motion, the parties would show the Court the following:

1. The Government filed a criminal complaint against the defendant in the Northern District of Texas on April 18, 2019, alleging violations of 18 U.S.C. §§ 1343 (wire fraud), 1349 (conspiracy to commit wire fraud), 1956 (money laundering) and 2 (aiding and abetting).

2. The following day, April 19, 2019, Yufenyuy was arrested on the complaint in the Northern District of Texas. *See* Dkt. No. 18, at 1. Later that day Yufenyuy appeared before this Court for an Initial Appearance. Dkt. No. 5. On April 24, 2019, following a hearing, Magistrate Judge Ray found probable cause to believe the defendant had committed the offenses charged in the Complaint, and granted the government's motion to detain. Dkt. No. 14.

3. The Speedy Trial Act ("the Act"), 18 U.S.C. §§ 3161 – 3174, provides that an indictment must be filed "within thirty days from the date on which [the Defendant] was arrested . . . in connection with such charges." *Id.* § 3161(b). Pursuant to the Act, then, and taking into account any time excludable under subsection 3161(h)(1)(H), the government must file an indictment against this defendant on or before May 19, 2019. *See* Fed. R. Cr. Pro. 45(a).

4. On May 14, 2019, the parties filed a joint motion asking the Court to continue the date by which the government must present the case to a Grand Jury for 60 days to enable the parties to obtain additional relevant information and to attempt to reach a plea agreement. Dkt. No. 17. The following day, the Court granted the joint motion and continued the Speedy Trial Act deadline to July 17, 2019. Dkt. No. 18.

5. The parties now request that the Court continue the Speedy Trial Act indictment deadline for an additional 90 days. As noted in the parties' original motion, the

government alleges that the defendant was part of a complex financial conspiracy that involved multiple individuals, several of whom reside overseas, several whose whereabouts are still unknown, and some of whom have not yet been arrested. A number of individuals involved in the scheme have provided information to the government that will affect the terms and conditions of any plea offered to this defendant, and the government need additional time to exchange, analyze, and verify that information. The parties believe, therefore, that extending the § 3161(b) deadline will afford them the additional time they need to reach a plea agreement, negating the need for a grand jury indictment.

6. Granting this continuance, therefore, will be in the interest of judicial economy, serve the ends of justice, and would outweigh the interest of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The parties also represent that they do not make this request in an effort to unduly delay the proceedings, but, rather in an effort to insure that justice is achieved. Because the government is still attempting to identify and locate coconspirators and others with material information, and to verify information it has obtained recently in the course of the investigation, failure to grant the requested continuance would deny the parties the time necessary for effective preparation, taking into account the exercise of due diligence, *see id. § 3161(h)(7)(B)(iv)*, and return of an indictment within the 30-day period could result in a miscarriage of justice. *See id.* § 3161(h)(7)(B)(i).

7. The defendant acknowledges that he is aware the Act affords him certain rights, including, specifically, the right under § 3161(b) to require the government to obtain and file an indictment within 30 days of the date of his arrest. He further acknowledges and confirms that, notwithstanding this provision, he knowingly and intentionally waives any right under § 3161(b) to have an indictment returned within 30 days of his arrest.

**[NOTHING FURTHER THIS PAGE]**

8. For the reasons set forth above, the parties respectfully request that this Court continue the date by which an indictment must be filed in this case for an additional 90 days, until on or about October 19, 2019.

                Respectfully submitted,

                ERIN NEALY COX
                UNITED STATES ATTORNEY

AGREED TO BY:

_____        _____
PAUL YANOWITCH                    AUSTEN F. YUFENYUY
Assistant United States Attorney      Defendant

_____
NJERI LONDON

Attorney for Defendant

**Second Joint Motion to Continue Time to Indictment (A. Yufenyuy) - p. 1**